IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC WAYNE DAVIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0623-L |
| | § | |
| WILMER-HUTCHINS INDEPENDENT | § | |
| SCHOOL DISTRICT BOARD OF | § | |
| TRUSTEES, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs' Response and/or Objections to Defendants' Notice of Removal, filed April 7, 2005; Plaintiffs' Amended Response and Objections to Defendants' Notice of Removal, filed April 19, 2005, and Defendants' response thereto; Plaintiffs' Motion to Strike Defendants' Pleadings and/or Motion in its Entirety, filed April 20, 2005, and Defendants' response thereto, filed April 26, 2005; Plaintiffs' Motion Requesting Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act, also filed April 20, 2005, along with Defendants' response thereto, filed April 29, 2005. Having considered the motions[1], responses, the oral argument at the May 20, 2005 hearing held in this matter (including Plaintiffs' attorney's oral request to withdraw the preceding list of motions), the record, the evidence, and the applicable law, the court **denies** Plaintiffs' attorney's oral request to withdraw the aforementioned motions. Further, the court **denies** Plaintiffs' Response and/or Objections to Defendants' Notice of Removal, **denies** Plaintiffs'

---

[1]Having reviewed Plaintiffs' Response and/or Objections to Defendants' Notice of Removal, filed April 7, 2005 and Plaintiffs' Amended Response and Objections to Defendants' Notice of Removal, filed April 19, 2005, the court determines that Plaintiffs' filings are, in effect, a motion to remand and an amended motion to remand, and the court will treat them as such, notwithstanding the erroneous titles.

Amended Response and Objections to Defendants' Notice of Removal, **denies** Plaintiffs' Motion to Strike Defendants' Pleadings and/or Motion in its Entirety and **denies** Plaintiffs' Motion Requesting Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act.

Also before the court are Defendants' Motion for Sanctions and Supporting Brief, filed May 19, 2005, Defendants' Supplemental Motion for Sanctions and Supporting Brief, filed May 20, 2005, and Affidavit of Eric V. Moyé, submitted in support of Defendants' request for attorney's fees, filed May 31, 2005. The court also notes receipt of Mr. Moyé's July 7, 2005 letter to the court. Having considered the May 19 motion for sanctions, the affidavit, oral argument at the May 20, 2005 hearing held in this matter, the record, the evidence, and the applicable law, the court **grants** Defendants' Motion for Sanctions and **denies as moot** Defendants' Supplemental Motion for Sanctions dated May 20, 2005.[2]

Finally, before the court is Philip E. Layer's unopposed Amended Motion to Withdraw as Counsel, filed May 26, 2005[3], Cedric Wayne Davis's Motion to Grant New Counsel, filed May 24, 2005 and Philip E. Layer's response thereto, filed June 9, 2005. Having considered the amended motion to withdraw, the record and the applicable law, the court **grants** Mr. Layer's Amended Motion to Withdraw as Counsel and accordingly **denies as moot** Cedric Wayne Davis's Motion to Grant New Counsel.

---

[2]In Defendants' Supplemental Motion for Sanctions and Supporting Brief, Defendants do not seek sanctions beyond those requested in the initial Motion for Sanctions filed May 19, 2005. Rather, the supplemental motion provides the court with further support for Defendants' original motion for sanctions. The court therefore treats the supplemental motion as a memorandum in further support of the May 19, 2005 motion.

[3]The court ordered the unfiling of Mr. Layer's original Motion to Withdraw as Counsel for his failure to comply with the local rules of practice.

**Memorandum Opinion and Order – Page 2**

## I.      Factual and Procedural Background

On March 14, 2005, Plaintiffs filed their Original Petition in the 101st Judicial District Court of Dallas County, alleging wrongful termination, breach of contract, violation of the Texas Whistleblower law and violations of the Fourteenth Amendment to the United States Constitution. On March 28, 2005, counsel for Defendants resigned as general counsel for Defendants.  On March 29, 2005, Mr. Moyé sent a letter to the President of the District Board of Trustees, stating that counsel and his firm were resigning, but that counsel and his firm "would be pleased to continue to defend the District's ongoing and new litigation, and shall do so until discharged [by the District] consistent with our professional obligations as imposed by the State Bar of Texas." *See* Def. Resp. to Plf. Mot. to Strike, Exh. 1 at 3.[4]  Page two of the letter expressly listed this matter as ongoing litigation.  *Id.*, Exh. 1 at 2.  On March 30, 2005, Defendants filed a Notice of Removal with this court.  On April 4, 2005, Defendants filed their Answer to Plaintiffs' Complaint in this court.  On April 7, 2005, Plaintiffs purportedly filed a First Amended Original Petition in the 101st Judicial District Court of Dallas County, Texas, deleting any reference to the Fourteenth Amendment claim. Also on April 7, 2005, Plaintiffs filed their Response and/or Objections to Defendants' Notice of Removal, asking the court to "dismiss" Defendants' removal since Plaintiffs had "mistakenly" alleged violations of the Fourteenth Amendment of the United States Constitution in their Original Petition, but that Plaintiffs had "corrected" the problem by deleting references to the Fourteenth Amendment by filing a First Amended Original Petition in the 101st Judicial District Court of Dallas County, Texas.  Plaintiffs filed an Amended Response and Objections to Defendants' Notice of

---

[4]Although Defendants filed Exhibit 1 under seal, as Defendants have quoted from Exhibit 1 at page 7 in Defendants' Motion for Sanctions and Supporting Brief, the portion quoted herein is now a matter of public record.

**Memorandum Opinion and Order – Page 3**

Removal on April 19, 2005.[5]  On April 20, 2005, Plaintiffs filed two motions:  Plaintiffs' Motion to Strike Defendants' Pleadings and/or Motion in its Entirety and Plaintiffs' Motion Requesting Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act.  Defendants have filed responses to these motions.

On May 19, 2005, Defendants filed Defendants' Motion for Sanctions and Supporting Brief and on May 20, 2005, Defendants filed Defendants' Supplemental Motion for Sanctions and Supporting Brief.

On May 20, 2005 at 10:00 a.m., the court held a hearing on Plaintiffs' motions pursuant to its own order dated May 5, 2005.  The court also considered Defendants' motion for sanctions at the hearing insofar as Defendants' request for reasonable attorney's fees.  Present at the hearing were counsel for Plaintiffs, Phillip E. Layer, Esq., and counsel for Defendants, Erik V. Moyé, Esq. and Dawn K. Doherty, Esq.  At the hearing, counsel for Plaintiffs made an oral request to withdraw all Plaintiffs' motions.  Pointing to the patent frivolousness of Plaintiffs' motions, which Mr. Moyé opposed.

Following its hearing on May 20, 2005, the court issued an order partially granting Defendants' Motion for Sanctions insofar as Defendants requested reasonable attorney's fees and costs, determining that Plaintiffs' motions filed in this case had been frivolous and that Plaintiffs or Plaintiffs' counsel had violated Fed. R . Civ. P. 11.  *See Order*, May 20, 2005.  In that order, the court directed counsel for Defendants to file an affidavit and other necessary documentation in support of Defendants' request for attorney's fees, and directed Plaintiffs' counsel to file a response

---

[5]As already set forth (*see supra* n.1), Plaintiffs' inaptly titled "Response and/or Objections to Defendants' Notice of Removal" and "Amended Response and Objections to Defendants' Notice of Removal" are considered as a motion to remand and an amended motion to remand.

**Memorandum Opinion and Order – Page 4**

within fifteen (15) days of the filing of Defendants' affidavit, to include "enough information for the court to determine whether Mr. Layer shall bear the entire burden of this sanction, or whether his clients shall share the burden." *See id.* at 4.  On May 31, 2005, Mr. Moyé filed the Affidavit of Erik V. Moyé in support of the award of attorney's fees.  Mr. Layer has not filed a response to the affidavit during the time allotted by the court.  In fact, it has been more than one month since the deadline for his response expired.  Also as part of its May 20 order, the court took Defendants' remaining requests in Defendants' Motion for Sanctions under advisement, and set forth a briefing schedule which directed counsel for Plaintiffs to file a written response to Defendants' Motion for Sanctions within twenty (20) days. *See id.* at 4.  Again, Mr. Layer has failed to file a response and the deadline expired more than one month ago.

## II.   Analysis

### A.   Plaintiffs' Motions

#### 1.   Plaintiffs' Counsel's Oral Request to Withdraw Plaintiffs' Motions

At the May 20, 2005 hearing in this matter, Plaintiffs' counsel made an oral request to withdraw all Plaintiffs' motions.  Pointing to the patent frivolousness of Plaintiffs' motions, in addition to Mr. Layer's unfounded misrepresentations to the court regarding the propriety of Mr. Moyé's and Ms. Doherty's representation of their client, Mr. Moyé opposed Mr. Layer's oral request, and asked the court to instead issue a ruling on the frivolous motions.

As a practical matter, whether the court allows or rejects Mr. Layer's oral request to withdraw Plaintiffs' motions, the court arrives at the same destination.  By withdrawing the motions, Mr. Layer cannot "unring the bell."  Otherwise stated, allowing withdraw of the motions does not undo the harm to the court in having to entertain the baseless motions or to opposing counsel in

having to respond to these baseless motions directed at their integrity as officers of the court. Moreover, Plaintiffs' motions need to remain a part of the record to show the magnitude and gravity of Mr. Layer's conduct in presenting such patently frivolous motions to the court. Additionally, in the event an appeal is taken, the appellate court needs to have before it the motions the district court considered. Accordingly, the court denies Mr. Layer's oral request to withdraw Plaintiffs' motions and, as set forth in the next section, will consider Plaintiffs' motions on the merits.

> ### 2.      Plaintiffs' Motions Seeking to Defeat Removal are Frivolous and Sanctionable

On March 30, 2005, Defendants filed a Notice of Removal with this court. As grounds for removal, Defendants alleged that this court has original federal question jurisdiction arising out of Plaintiffs' Fourteenth Amendment claims set forth in Plaintiffs' Original Petition. On April 7, 2005, Plaintiffs filed their Response and/or Objections to Defendants' Notice of Removal, asking the court to "dismiss" Defendants' removal since Plaintiffs had "mistakenly" alleged violations of the Fourteenth  Amendment to the United States Constitution in their Original Petition, but that Plaintiffs had "corrected" the problem by deleting references to the Fourteenth Amendment by filing a First Amended Original Petition in the 101st Judicial District Court of Dallas County, Texas. Plaintiffs filed an Amended Response and Objections to Defendants' Notice of Removal on April 19, 2005.

Title 28 U.S.C. 1441(b) provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

It is well-established that when a defendant removes a case to federal court, the propriety of removal is determined by reference to the face of the state court petition as it exists at the time of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (and cases cited therein); *Silva v. Kaiser Permanente*, 59 F.Supp.2d 597, 598-99 (N.D. Tex. 1999). Equally well-established is the corollary rule that, "once federal jurisdiction is established, a plaintiff cannot precipitate a remand by amending the complaint to eliminate the grounds upon which jurisdiction is based." *Idoux v. Lamar Univ. Sys.*, 817 F. Supp. 637, 642 (E.D. Tex. 1993) (citing Wright, Miller & Cooper, *Fed. Prac. & Proc.* § 3722 at 255-60 (1985); *see also Cavallini*, 44 F.3d at 264. Even more to the point in this case, following removal, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Disregarding these most basic of legal principles, Plaintiffs sought to oust this court of its "arising under" jurisdiction by returning to the 101st Judicial District Court, from which Defendants had properly removed the case, and filing an amended petition deleting reference to the Fourteenth Amendment. When questioned at the May 20, 2005 hearing regarding the legal bases for Plaintiffs' motions, if any, Mr. Layer immediately offered to withdraw the motions, asserting that the motions had been filed by his "overzealous staff, " and that he had not even reviewed them, notwithstanding that his signature was on all the motions. Seeking to distance himself even more from the motions before the court and his well-established responsibilities as an attorney to certify the merits of all documents filed with the court (*see* Fed. R. Civ. P. 11(b)(2)), Mr. Layer then informed the court that he had contracted out the legal work in this case to an outside company, which company had filed

these pending motion, and that he had not reviewed them.  Finally, Mr. Layer asserted that his signature on certain filed pleadings had been forged.

The court simply does not "buy" the arguments advanced by Plaintiffs' counsel.  Such shenanigans by Plaintiffs' counsel will not be tolerated by this court.  Federal jurisdiction was clear on the face of Plaintiffs' Original Petition, which asserted violations of the Fourteenth Amendment. Plaintiffs' post-removal attempts to oust this court of jurisdiction by "deleting" federal claims is not only without any basis in law, but has also caused the court and the opposing party to expend resources and time on motions and briefs that do not even assert a colorable basis for remand.

3.      **Plaintiffs' Counsels Misrepresentations are Inexcusable and Sanctionable**

In addition to the patently frivolous motions already discussed, Plaintiffs also filed two other motions with the court containing misrepresentations. *See* Plaintiffs' Motion to Strike Defendants' Pleadings and/or Motion in its Entirety and Plaintiffs' Motion Requesting Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act, both filed April 20, 2005.  In these two motions, Plaintiffs allege that Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P.: (i) caused to be filed a "fictitious" pleading; (ii) knowingly assisted or induced others to do so; (iii) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; (iv) engaged in conduct constituting obstruction of justice; and (v) caused to be filed "unauthorized," "unofficial," and/or "frivolous" pleadings.  As set forth in Defendants' responses to these two motions, the sole ground for Plaintiffs' motions is that Defendants' Notice of Removal and Answer were signed following counsel for Defendants tendering their resignation to the District.  In support of the motions, Plaintiffs refer the court to the March 29, 2005 resignation letter sent by Mr. Moyé to the President of the District Board of Trustees, stating that counsel and his firm were resigning.  What Plaintiffs

failed to share with the court, however, was page 3 of the same letter, which provides that Mr. Moyé and his firm "would be pleased to **continue to defend the District's ongoing and new litigation, and shall do so until discharged [by the District] consistent with our professional obligations as imposed by the State Bar of Texas.**" *See* Def. Resp. to Plf. Mot. to Strike, Exh. 1 at 3 (emphasis added).   Not only did Plaintiffs fail to attach the last page of the letter with the first two pages in their submissions to the court, but in the body of their briefing, Plaintiffs omit any mention of the content of page 3.  Plaintiffs also omit to inform the court that page two of the letter expressly lists this matter as an ongoing cause.  Given the facts and history of what has transpired in this case, coupled with Mr. Layer's inability to offer any reasonable explanation at the May 20 hearing for the omission of page 3 from Plaintiffs' submissions to the court, the court necessarily concludes that Plaintiffs' counsel's failure to inform the court about page 3 of the letter and its contents constitutes a misrepresentation to the court.

### B.    Defendants' Motion for Sanctions

Defendants filed a Motion for Sanctions and Supporting Brief on May 19, 2005, and a Supplemental Motion for Sanctions and Supporting Brief on May 20, 2005.  Defendants have established that they have complied with the pre-filing requirements under Fed. R. Civ. P. 11(c)(1)(A).  *See* Def. Mot. at 10.  Arguing that Plaintiffs' motions filed to date in this case are patently frivolous and that improper motive can be inferred, Defendants seek sanctions pursuant to Fed. R. Civ. P. 11, including: (i) an award of attorney's fees and costs; (ii) a formal reprimand of Plaintiffs' counsel; (iii) a referral to the Dallas Bar Association grievance committee; and (iv) an order that Mr. Layer attend the next available continuing legal education offered in the State of Texas related to professional conduct and integrity.  *See id.* at 8.

Rule 11(b)  provides, in pertinent part, that:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

(3) the allegations and other factual contentions have evidentiary support . . .[.]

Fed. R. Civ. P. 11(b)(1)-(b)(3).  Counsel must satisfy each of these obligations; a violation of any of the three obligations will provide independent bases for sanctions.  *See Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796,803 (5th Cir.), *cert. denied sub nom. Minor v. Kmart Corp.*, 540 U.S. 1047 (2003); *see also Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999).

Rule 11(c) provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."  The trial court is given wide discretion in the imposition of sanctions.  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). Rule 11(c) requires notice and a reasonable opportunity to respond.  The court finds that Mr. Layer has been given notice and a reasonable opportunity to respond.  First, Defendants have complied with the pre-filing requirements under Fed. R. Civ. P. 11(c)(1)(A), under which Mr. Layer had twenty-one (21) days after receipt of Defendants' Motion for Sanctions to withdraw the motions,

prior to Defendants filing the motion with the court; Mr. Layer did not withdraw Plaintiffs' motions during that twenty-one day period.  Additionally, at the May 20 hearing, the court allowed Mr. Layer to respond to Defendant's motion for sanctions in open court.  When asked by the court whether he agreed that, as a sanction for filing unnecessary motions, "at a minimum [he] should pay the [Defendants'] reasonable attorney's fees[,]" Mr Layer responded: "I will defer that decision to the Court[.]" *See* May 20, 2005 Hearing Transcript at p. 12, lines 22-25.  Thereafter, the court allowed Mr. Layer twenty (20) days from the date Defendants filed their Motion for Sanctions to file a written response to Defendants' Motion for Sanctions.  *See Order*, May 20, 2005.  In addition, the court allowed Plaintiffs' counsel fifteen (15) days from the filing of Mr. Moyé's affidavit in support of attorney's fees to respond.  *See id.*  Mr. Layer has not complied with the court's order.  Given the seriousness of this matter, the court can only conclude that Mr. Layer does not disagree with the motion for sanctions.  The court finds that no further evidentiary hearing is necessary where, as here, Mr. Layer has made no effort to refute the allegations of Defendants' motion for sanctions, and the sanctions to be awarded do not of themselves warrant a second court hearing.

Rule 11(c)(3) requires that, "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Having considered the oral argument by counsel at the court's May 20 hearing, and in light of the frivolousness of the motions filed by Mr. Layer and the misrepresentations to the court contained therein (*see supra* at 6-9), as well as the findings set forth in the court's May 20, 2005 Order granting in part Defendants' Motion for Sanctions, the court determines that Defendants have more than adequately demonstrated that Mr. Layer's filings violate Fed. R. Civ. P. 11(b)(1), (b)(2) and

(b)(3).[6]  First, when questioned at the May 20, 2005 hearing regarding the legal bases for Plaintiffs'

motions, if any, Mr. Layer immediately offered to withdraw the motions, asserting that the motions

had been  filed by his "overzealous staff, " and that he had not even reviewed them, notwithstanding

that his signature was on all the motions.  Mr. Layer then informed the court that he had contracted

out the legal work in this case to an outside company, which company had filed these pending

motions, and that he had not reviewed them. This conduct alone constitutes a violation of Rule

11(b).  Finally, Mr. Layer asserted that his signature on certain filed pleadings had been forged.

Turning to the motions Mr. Layer presented to the court, the court has already determined that Mr.

Layer presented these motions to the court without evidentiary support or any colorable legal basis

whatsoever.  *See supra* at 5-9.   The motions include frivolous representations to the court that, in

the first instance, remand was required in this case and, in the second instance, that counsel for

Defendants, Eric V. Moyé and Vial, Hamilton, Koch & Knox, had engaged in conduct involving

dishonesty, fraud, deceit and/or misrepresentation to the court by filing a notice of removal in this

action on behalf of Defendants.         In light of the foregoing, the court holds that Phillip E. Layer

violated Rule 11(b)(1) by presenting to the court signed pleadings that were not for any proper

purpose. When determining whether a filing was improper, the court must ask if a reasonably clear

and proper legal basis can be shown for the filing in question.  *See, e.g., National Assoc. of Gov't*

*Employees, Inc. v. National Fed'n of Fed. Employees*, 844 F.2d 216, 223-24 (5th Cir. 1988).  It is

objectively ascertainable that Mr. Layer submitted papers to the court for an improper purpose, that

had neither a legal nor factual basis.  The list of improper purposes contained in Rule 11(b)(1) is

---

[6]These filings are Plaintiff's Response and/or Objections to Defendants' Notice of Removal, filed April 7, 2005,
Plaintiffs' Amended Response and Objections to Defendants' Notice of Removal, filed April 19, 2005, Plaintiffs' Motion
to Strike Defendants' Pleadings and/or Motion in its Entirety, filed April 20, 2005, and Plaintiffs' Motion Requesting
Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act, also filed April 20, 2005.

**Memorandum Opinion and Order – Page 12**

merely illustrative.  *See Whitehead*, 332 F.3d at 807.  While the filings in question might not constitute an attempt "to harass" or "delay," they can certainly be considered improper as baseless attempts to deceive the court and falsely accuse counsel for the Defendants of wrongdoing.  Further, the court holds that Phillip E. Layer violated Rule 11(b)(2) by presenting to the court pleadings wherein the claims, defenses, and other legal contentions asserted therein were clearly unwarranted by existing law and where no non-frivolous argument existed for the extension, modification, or reversal of existing law or the establishment of new law.  The court further holds that Phillip E. Layer violated Rule 11(b)(3) by presenting to the court pleadings that contained factual contentions that lacked evidentiary support.        Under Rule 11(c)(2):

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

The court determines that, in addition to the monetary sanction already imposed by the court's May 20 order, the additional sanctions requested by Defendants are appropriate and constitute the least sanction that is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.  Accordingly, in addition to the monetary sanction already ordered by the court, the court further imposes the following nonmonetary sanctions: (i) a referral to the Dallas Bar Association grievance committee[7]; and (ii) an order that Mr. Layer attend, within

---

[7]The Committee Notes on Rule 11 recognize that "the court has available a variety of possible sanctions to impose for violations, such as . . . referring the matter to disciplinary authorities." Fed.R.Civ.P. 11 Committee Notes, 146 F.R.D. 583, 587 (1993).  Imposing sanctions and referral to a state bar authority are not mutually exclusive.  *See Whitehead*, 332 F.3d at 808.

**Memorandum Opinion and Order – Page 13**

120 days of the court's issuance of this memorandum opinion and order, a State Bar of Texas-approved and sponsored continuing legal education course related to professional conduct and integrity. As for Defendants' request that the court issue a formal reprimand, the court determines that the contents of this opinion constitute a sufficient reprimand of counsel for his violations of Rule 11.

With regard to the amount of reasonable attorney's fees and costs to be awarded, Defendants, in accordance with the court's May 20 order, have submitted uncontested affidavit evidence that $16,898 represents the attorney's fees that Defendants' counsel incurred "for the advancement of the Removal and the defense of the efforts made by Plaintiff in this matter" from the period of April 20, 2005 (the date Plaintiffs filed their first frivolous motions) and May 20, 2005 (the date of the court's hearing on Plaintiffs' motions). *See* Affidavit of Eric V. Moyé at 6, ¶ 11 ("Moyé Aff."). With respect to the amount requested for attorney's fees, the court determines that the total hours expended were both reasonable and necessary for Defendants' representation of their clients, and that the hourly rate charged by each of Defendants' attorneys was well within the normal and customary rate for attorneys with similar experience, ability and competence for services in the Dallas legal community. For example, Mr. Moyé states that his normal customary rate is $400 per hour, but he only charged his clients in this case $245 per hour case so as to reflect Vial, Hamilton, Koch & Knox, L.L.P.'s "institutional support of public education." *Id.* at 4, ¶ 7. Mr. Moyé has been an attorney for more than twenty-five years, and the court is quite familiar with his abilities and expertise in this area of the law and recognizes him as an excellent attorney. Furthermore, just last year the court made an award of $375 per hour to an attorney who had slightly less experience than Mr. Moyé. Additionally, Mr. Moye testifies in his affidavit that the other attorneys who worked on

this case also significantly reduced their billing rates in this matter. *Id.* He testifies that Dawn K. Doherty, a partner, charged the rate of $245 per hour in this case, that Michael W. Massiatte, an associate, charged the rate of $170 per hour in this case, and that Sheri D. Crosy, also an associate, charged the rate of $125 in this case. *Id.* Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the Texas Legal Directory regarding the level of experience of Ms. Doherty, Mr. Massiatte, and Ms. Crosby. *See* 2005 Texas Legal Directory, vol. III at 1099-1103. Ms. Doherty was admitted to the Bar of the Commonwealth of Massachusetts in 1994, and was admitted to the State Bar of Texas in 1995. Mr. Massiatte was admitted to the State Bar of Texas in 2000, and Ms. Crosby was admitted to the State Bar of Texas in 2002. Given their respective levels of experience, the court determines that with respect to Ms. Doherty, Mr. Massiatte, and Ms. Crosby, the hourly rate charged by each of them was also well within the normal and customary rate charged for services in the Dallas legal community by attorneys with similar experience, ability and competence. Moreover, Mr. Layer failed to contest the amount of attorney's fees requested, notwithstanding that the court provided him ample opportunity to do so. Accordingly, the court finds that the amount of $16,898 for attorney's fees is reasonable and will be awarded to Defendants. The court will allow Mr. Layer forty-five (45) days from the date this memorandum opinion and order is issued, to pay this amount to Defendants.[8] If he fails to do so, the court will enter a judgment against him that Defendants may collect by normal processes.

### C.   Philip E. Layer's Amended Motion to Withdraw as Counsel and Cedric Wayne Davis's Motion to Grant New Counsel

---

[8]The court notes that, despite a specific directive from the court, Mr. Layer provided no evidence to show that any of the Plaintiffs in this lawsuit directed or condoned Mr. Layer's conduct. Accordingly, any requirement that Plaintiffs in this case share in the costs of the sanctions imposed on Mr. Layer would be inappropriate.

**Memorandum Opinion and Order – Page 15**

Mr. Layer has moved to withdraw as counsel. This amended motion is unopposed. Additionally, one of the plaintiffs, Mr. Cedric Wayne Davis, has filed a Motion to Grant New Counsel, from which it is clear to the court that, in addition to violating Rule 11, Mr. Layer has ill-served his clients. Accordingly, the court grants Mr. Layer's Amended Motion to Withdraw as Counsel and denies as moot Cedric Wayne Davis's Motion to Grant New Counsel.

## III.   Conclusion

### A.     Ruling on Motions and Award of Attorney's Fees as a Sanction

For the reasons stated herein, Plaintiffs' Response and/or Objections to Defendants' Notice of Removal, filed April 7, 2005; Plaintiffs' Amended Response and Objections to Defendants' Notice of Removal, filed April 19, 2005; Plaintiffs' Motion to Strike Defendants' Pleadings and/or Motion in its Entirety, filed April 20, 2005; and Plaintiffs' Motion Requesting Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act, also filed on April 20, 2005, are **denied**. Further, Mr. Layer's oral request to withdraw the above-listed motion is **denied**.

It is further ordered that Defendants' Motion for Sanctions is **granted** and Defendants' Supplemental Motion for Sanctions is **denied as moot**. The court hereby **directs** Mr. Philip E. Layer to pay Defendants their reasonable attorney's fees in the amount of $16,898 **by September 19, 2005.** Otherwise, the court will issue a judgment against him on September 20, 2005, in the amount of $16,898, that Defendants may collect by normal processes. The court further **directs** Mr. Layer to provide a copy of this Memorandum Opinion and Order, along with the court's May 20, 2005 order, to his clients forthwith.

### B.     Continuing Legal Education

The court further **directs** Mr. Layer to attend a State Bar of Texas-approved continuing legal education course addressing professional conduct and integrity.  The course shall be no less than four (4) credit hours and must be completed **by December 31, 2005**.  Physical attendance is mandatory; on-line courses *via* the internet are not acceptable.  Mr. Layer is further **directed** to provide the court with proof of attendance and completion of the course **no later than thirty (30) days** from his completion of the course.

### C.      Referral to State Bar Grievance Committee

Further, the court determines that Mr. Layer's conduct in this matter should be referred to and reviewed by the State Bar of Texas grievance committee, and **directs** the clerk of court to effect such referral and deliver a copy of this Memorandum Opinion and Order and a copy of the court's May 20, 2005 Order in this case, to Ms. Donna Tipotsch, State Bar of Texas, One Lincoln Centre, 5400 L.B.J. Freeway, Suite 1280, Dallas, Texas, 75240, along with the following documents:

> •**Plaintiff's Response and/or Objections to Defendants' Notice of Removal, filed April 7, 2005, and Defendants' response thereto;**
>
> •**Plaintiffs' Amended Response and Objections to Defendants' Notice of Removal, filed April 19, 2005, and Defendants' response thereto;**
>
> •**Plaintiffs' Motion to Strike Defendants' Pleadings and/or Motion in its Entirety, filed April 20, 2005, and Defendants' response thereto;**
>
> •**Plaintiffs' Motion Requesting Eric V. Moyé and Vial, Hamilton, Koch & Knox, L.L.P. to Show Authority to Act, filed April 20, 2005, and Defendants' response thereto;**
>
> •**a copy of the transcript of the May 20, 2005 hearing in this matter;**

**•Defendants' Motion for Sanctions and Supporting Brief, filed May 19, 2005 and Defendants' Supplemental Motion for Sanctions, filed May 20, 2005; and**

**•Cedric Wayne Davis's Motion to Grant New Counsel, filed May 24, 2005, and Mr. Layer's response thereto, filed June 9, 2005.**

**D.     Withdrawal of Counsel and Securing New Counsel**

It is further ordered that Philip E. Layer's Amended Motion to Withdraw as Counsel is **granted**. The court cautions Mr. Layer that, although the court is granting his motion to withdraw as counsel for Plaintiffs in this action, the court **retains** jurisdiction over him insofar as its enforcement of this order imposing sanctions.  Mr. Layer is hereby put on notice that, should he fail to comply with any part of this order, he is subject to the imposition of additional sanctions that the court deems appropriate under applicable law.

Finally, it is ordered that Cedric Wayne Davis's Motion to Grant New Counsel is **denied as moot**.  The court directs Plaintiffs, Cedric Wayne Davis and Jim Gilliand, to secure new legal representation in this case by **September 19, 2005**.  If Plaintiffs have not secured new counsel by September 19, the court will lift the stay, and Plaintiffs will proceed *pro se*.  Accordingly, in light of the unique circumstances presented, the court **stays** this action until such time as new counsel for Plaintiffs makes an appearance or until September 20, 2005, whichever is the earlier.

**It is so ordered** this 4th day of August, 2005.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 18**